UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Landform Engineering Company,

        Plaintiff,

v.

American Property Development, Inc.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 07-1195 ADM/AJB

_____

Vincent W. King, Esq., Vincent W. King, P.A., Minneapolis, MN, argued on behalf of Plaintiff.

Aaron R. Hartman, Esq., Anthony Ostlund & Baer, P.A., Minneapolis, MN, argued on behalf of Defendant.
_____

## I. INTRODUCTION

On April 20, 2007, oral argument before the undersigned United States District Judge was heard on Defendant American Property Development, Inc.'s ("APD") Motion to Dismiss [Docket No. 4] based on lack of personal jurisdiction. In the alternative, APD moves to transfer venue to federal court in Arizona.[1] In its Complaint [Docket No. 1], Plaintiff Landform Engineering Company ("Landform") asserts claims of breach of contract, account stated, and unjust enrichment. For the reasons set forth herein, APD's Motion is denied.

---

[1] APD's Motion to Dismiss refers to the doctrine of *forum non conveniens*. However, that doctrine applies "only in cases where the alternative forum is abroad." Am. Dredging Co. v. Miller, 510 U.S. 443, 449 n.2 (1994). Therefore, the Court construes APD's Motion as seeking a transfer of venue under 28 U.S.C. § 1404(a).

## II. BACKGROUND[2]

Landform, a Minnesota corporation, engages in the business of landscape architecture, civil engineering, and surveying. Compl. ¶ 1. Landform's principal place of business is Minneapolis, Minnesota, and it also has an office in Phoenix, Arizona. Lazan Aff. [Docket No. 13] ¶ 2. APD, a Washington corporation with its principal place of business in Bellevue, Washington, develops high-density apartments, condominiums, and commercial space. Borrego Decl. [Docket No. 7] ¶ 2. On or about November 4, 2004, Landform and APD entered into a written contract ("the Contract") for Landform to perform certain preliminary engineering and other professional services for APD's development of a multi-family residential complex in Gilbert, Arizona. Compl. ¶ 3; Lazan Aff. [Docket No. 13] Ex. 1. APD avers that negotiations for the Contract occurred at Landform's Phoenix office or via telephonic or electronic means. Borrego Decl. ¶ 4. The Contract includes a forum selection clause stating in relevant part that:

> Any claim which is not resolved by mediation and in which the aggregate amount in controversy, exclusive of interest and costs, is greater than $50,000 shall be resolved by litigation in the State Court located within, or the [] Federal Court nearest to, Hennepin County, Minnesota. This Proposal shall be governed by Minnesota law, without regard to conflicts of law principles.

Lazan Aff. Ex. 1 at 8.

A dispute subsequently arose between the parties, and APD failed to pay Landform for certain services Landform performed beginning in May 2005. Lazan Aff. ¶¶ 8-9. After a failed mediation, Landform commenced litigation in Minnesota state court on January 25, 2007. Compl.; King Aff. [Docket No. 14] ¶ 5; see also Minn. R. Civ. P. 3.01(a) (stating that action

---

[2] In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

deemed commenced when summons served on defendant).  Landform alleges APD breached the contract, causing Landform damages of $66,144 plus accrued service charges.  Compl. ¶¶ 7-8.  The Complaint also asserts claims of account stated and unjust enrichment.  Id. ¶¶ 9-15.  On February 16, 2007, APD removed the action to this Court on the basis of diversity jurisdiction.  See 28 U.S.C. §§ 1332, 1441(a).[3]  Meanwhile, on February 6, 2007, APD and its affiliates filed a related action against Landform in Arizona state court.  King Aff. Ex. 5.  Landform has removed the Arizona litigation to federal court in Arizona.

### III. DISCUSSION

**A.    Motion to Dismiss and Pleading Standards**

"To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant."  Digi-Tel Holdings, Inc. v. Proteq Telecomms., 89 F.3d 519, 522 (8th Cir. 1996).  In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true.  Hamm, 15 F.3d at 112; Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party.  Ossman, 825 F. Supp. at 880.  "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."  Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

---

[3] With the accrued service charges, the amount in controversy is said to exceed $75,000.

B.  **Personal Jurisdiction**

APD argues the instant case should be dismissed based on lack of personal jurisdiction. Because APD is a citizen of Washington under 28 U.S.C. § 1332(c)(1), jurisdiction is proper only if Minnesota's long-arm statute is satisfied and the exercise of personal jurisdiction does not offend due process. Stanton v. St. Jude Med., Inc., 340 F.3d 690, 693 (8th Cir. 2003). As Minnesota's long-arm statute extends jurisdiction over nonresident defendants to the fullest extent allowed by the Due Process Clause, the only determination to be made is whether the exercise of personal jurisdiction violates due process considerations. Guinness Import Co. v. Mark VII Distribs., Inc., 153 F.3d 607, 614 (8th Cir. 1998). Due process requires minimum contacts with the forum state. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The Eighth Circuit weighs five factors to determine whether minimum contacts exist sufficient to meet due process considerations: (1) the nature and quality of contacts with the forum state, (2) the quantity of such contacts, (3) the relation of the cause of action to the contacts, (4) the interest of the forum state in providing a forum for its residents, and (5) the convenience of the parties. Guinness Import Co., 153 F.3d at 614.

The parties dispute whether the forum selection clause in the Contract constitutes APD's consent to personal jurisdiction in Minnesota. Eighth Circuit precedent establishes a party may consent to jurisdiction when it signs a contract containing a forum selection clause. St. Paul Fire and Marine Ins. Co. v. Courtney Enters., Inc., 270 F.3d 621, 624 (8th Cir. 2001). Moreover, a valid forum selection clause satisfies due process concerns. Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 726 (8th Cir. 2001). APD disputes the validity of the forum selection clause in the Contract.

"Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999).[4] APD argues the forum selection clause is invalid under A.R.S. § 32-1129.05, which states that "[a] provision, covenant, clause or understanding in, collateral to or affecting a construction contract that makes the contract subject to the laws of another state or that requires any litigation, arbitration or other dispute resolution proceeding arising from the contract to be conducted in another state" is void and unenforceable. APD argues the Contract is a construction contract, and therefore the forum selection clause is void and unenforceable under Arizona law.

Assuming arguendo the applicability of A.R.S. § 32-1129.05, APD's argument fails because the Contract is not a construction contract under Arizona law. A.R.S. § 32-1129 defines a construction contract as "a written or oral agreement relating to the construction, alteration, repair, maintenance, moving or demolition of any building, structure or improvement or relating to the excavation of or other development or improvement to land." APD argues this definition of a construction contract is broad enough to cover the parties' Contract because the preliminary engineering services performed by Landform related to the development or improvement to land. However, Arizona's statutory scheme, viewed as a whole, does not support APD's argument.

A.R.S. § 32-1129.05 is a portion of Chapter 10 ("Contractors") of Title 32 ("Professions

---

[4] In the Eighth Circuit, it is an open question whether federal or state law controls the question of whether a forum selection clause applies. Rainforest Cafe, Inc. v. EklecCo, L.L.C., 340 F.3d 544, 546 (8th Cir. 2003). APD appears to assume that federal law applies. See Mem. in Supp. of Mot. for Summ. J. at 4. Landform applies Minnesota law, but avers that Minnesota law is very similar to the Eighth Circuit's standard. Mem. in Opp'n to Mot. for Summ. J. at 9-10. Therefore, this Court will apply the Eighth Circuit's standard.

and Occupations") of the Arizona Revised Statutes.  A.R.S. § 32-1159, also in Chapter 10, provides that indemnity agreements in construction contracts and "architect-engineer professional service contracts" generally are void.  That section separately defines construction and architect-engineer professional service contracts as follows:

> "Architect-engineer professional service contract" means a written or oral agreement relating to the design, design-build, construction administration, study, evaluation or other professional services furnished in connection with any actual or proposed construction, alteration, repair, maintenance, moving, demolition or excavation of any structure, street or roadway, appurtenance or other development or improvement to land.
>
> "Construction contract" means a written or oral agreement relating to the construction, alteration, repair, maintenance, moving, demolition or excavation or other development or improvement to land.

A.R.S. § 32-1159(D).  The definition of a "construction contract" in A.R.S. § 32-1159 is almost identical to the definition in A.R.S. § 32-1129.  Therefore, APD's interpretation of "construction contract" in A.R.S. § 32-1129 is equally applicable to A.R.S. § 32-1159.  However, under APD's interpretation, the definition of "construction contract" in A.R.S. § 32-1159 would cover all architect-engineer professional service contracts since all such contracts relate to the development or improvement of land.  Therefore, APD's interpretation of construction contract would make superfluous A.R.S. § 32-1159's definition and regulation of architect-engineer professional service contracts.

The Court presumes the Arizona legislature did not intend this superfluity.  See Champlin v. Sargeant, 965 P.2d 763, 766 (Ariz. 1998) ("Interpreting statutory language requires that we give meaning to each word, phrase, clause, and sentence within a statute so that no part will be superfluous, void, contradictory, or insignificant.").  Instead, by separately defining architect-engineer professional service contracts, the Arizona legislature has evinced an intent to carve out

architect-engineer professional service contracts from the otherwise broad definition of construction contracts. Therefore, the fact that A.R.S. § 32-1159 expressly regulates the contents of both architect-engineer professional service contracts and construction contracts, whereas A.R.S. § 32-1129.05 refers only to construction contracts, is support that the latter provision was not intended to apply to architect-engineer professional service contracts. On its face, the Contract between APD and Landform meets the definition of an architect-engineer professional service contract. As a result, A.R.S. § 32-1129.05 does not apply to void the forum selection clause.

APD does not make any other arguments against enforceability of the forum selection clause. Therefore, this Court's exercise of personal jurisdiction over APD comports with due process.

**C.     Venue Transfer to Arizona**

In the alternative, APD argues for venue in Arizona. 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." However, a plaintiff's choice of forum is given presumptive weight, and therefore, motions to transfer "should not be freely granted." In re Nine Mile Ltd., 692 F.2d 56, 61 (8th Cir. 1982) (overruled on other grounds). Although a forum selection clause is not dispositive of a motion to transfer, "[t]he presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). In analyzing a motion to transfer, federal courts employ a three-factor balancing test: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice."

Terra Int'l, Inc.v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997).

### 1. Convenience of the Parties

APD argues it is more significantly inconvenienced by litigating in Minnesota than Landform would be if the case were moved to Arizona. However, APD has a high bar to clear to demonstrate inconvenience. "Since it may be assumed that parties consider the inconvenience of the forum at the time they enter a contract, it is 'incumbent on the party seeking to escape his contract to show that [proceeding] in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" Dominium, 248 F.3d at 727 (alteration in original, citations omitted). APD avers its party witnesses and documents are located primarily in metropolitan Phoenix, Arizona or in APD's headquarters in Bellevue, Washington. Borrego Decl. ¶ 7. Although it has an office in Phoenix, Landform avers that most of its party witnesses and documents are in Minnesota. The Court finds that the convenience-of-the-parties factor is neutral and does not favor transfer.

### 2. Convenience of the Witnesses

APD argues the convenience-of-the-witnesses factor weighs in its favor. Issues relevant to this factor include the number of essential nonparty witnesses, their location, and the preference for live testimony. Graff v. Qwest Commc'ns Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). APD avers that it will present evidence that the City of Gilbert rejected certain design proposals that Landform created. APD contends that trying this dispute in Minnesota will be destructive to its case because relevant City of Gilbert witnesses are not subject to compulsory process in Minnesota. In response, Landform notes that if these witnesses are unavailable to testify during a trial in Minnesota, APD can still present their deposition

testimony or present remote live testimony under Federal Rule of Civil Procedure 43(a). However, the Court finds the preference for live testimony of these nonparty witnesses militates in favor of transferring venue to Arizona.

### 3. Interest of Justice

Finally, APD argues the interest of justice favors a transfer to Arizona. Seven factors are to be considered in the interest of justice determination: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." Terra Int'l, 119 F.3d at 696.

As to the first factor, the Court finds that the claims in this action and the Arizona litigation involve the same subject matter and should be tried together in one court. Admittedly, because the Contract was executed in Arizona and pertains to development of land in Arizona, Arizona has a strong connection to the facts of this litigation. However, much of Landform's work occurred in Minnesota, and APD signed a contract with a forum selection clause specifying a Minnesota forum and application of Minnesota law. Pursuant to this clause, Landform commenced litigation in Minnesota on January 25, 2007. APD can not escape from the forum selection clause merely because it subsequently chose to commence duplicative litigation in Arizona. The judicial economy factor is neutral.

As to the second factor, APD claims Landform's choice of forum should not be given significant weight because the Contract was executed in Arizona and the Contract concerns development of land in Arizona. However, the finding that the forum selection clause is valid

trumps APD's argument. As noted above, a forum selection clause, while not dispositive, is to be accorded significant weight. <u>Stewart</u>, 487 U.S. 29. Thus, this factor weighs in favor of Landform.

As to the third factor, APD argues Arizona will be a cheaper forum to litigate in because a majority of witnesses and documents are in Arizona. Landform, however, avers that the majority of its documents and witnesses are in Minnesota. The Court finds this factor is neutral.

Neither party has argued that the fourth, fifth, or sixth interest-of-justice factors favor one forum over the other. Therefore, the Court accords these factors no weight. APD argues the final factor, the advantage of having a local court determine questions of local law, favors Arizona. However, the forum selection clause in the Contract also specifies that Minnesota law governs. Therefore, to the extent the seventh factor carries any weight, it favors a Minnesota forum. On balance the Court finds the interest-of-justice factor is neutral. Because none of the three factors considered in the transfer of venue analysis strongly favors APD, the Court finds transfer to Arizona to be inappropriate in this action, particularly in light of the forum selection clause.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant American Property Development, Inc.'s Motion to Dismiss [Docket No. 4] is **DENIED**.

BY THE COURT:

       s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 28, 2007.